**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| CHRISTOPHER KING, J.D. A/K/A KINGCAST,<br><br>                 Appellant,<br>     v.<br><br>BLACK EXCELLENCE IN CANNABIS, PETER MANNING, and MIKE ASAI,<br><br>                 Respondents. | No. 85326-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — Christopher King appeals the superior court's order dismissing his complaint against Peter Manning, Mike Asai, and Black Excellence in Cannabis. We affirm.

I

In 2022, King filed an amended complaint in King County Superior Court against Manning, Asai, and Black Excellence in Cannabis, for "unlawful filing and use of a nonprofit corporation" and defamation. King alleged that Manning and Asai licensed Black Excellence in Cannabis with the Washington Secretary of State in summer 2022,

without the knowledge or permission of Black Excellence in Cannabis's original founder Aaron Barfield.[1]

King first moved for a preliminary injunction, seeking to enjoin Manning from misappropriating the good will of Black Excellence in Cannabis. The superior court denied King's motion because King failed to establish standing to seek the requested injunction and failed to show that he personally had a legal or equitable right in the organization.

Manning then moved to dismiss the complaint under CR 12(b)(6) asserting that King did not possess standing either as an individual or as a derivative action on behalf of the nonprofit entity because King sought to protect the alleged property of a third party, not his own. In response, King asserted that he had standing as a taxpayer and as a member of Black Excellence in Cannabis.

The superior court agreed with Manning and granted the motion to dismiss. The superior court also denied King's oral request for leave to amend the complaint because the "new claims are markedly different than those asserted herein." However, the superior court wrote on the order that King "may pursue new litigation/legal causes of action as warranted."

King appeals.[2]

---

[1] King only provided this court with his first amended complaint filed November 8, 2022.

[2] Respondents filed a declaration in lieu of a response brief opting to stand on the existing record and asserting "[i]n the absence of clear error on the part of the trial court, there is no justifiable cause to remand this case for further proceedings." We accepted the declaration as the respondents' brief in this matter.

II

King asserts that the superior court erred by failing to allow him to amend his complaint for the second time.

We review a trial court's denial of a motion to amend pleadings for an abuse of discretion. Del Guzzi Constr. Co. v. Glob. Nw. Ltd., 105 Wn.2d 878, 888, 719 P.2d 120 (1986). CR 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." See Caruso v. Loc. Union No. 690 Int'l Bhd. of Teamsters, 100 Wn.2d 343, 349, 670 P.2d 240 (1983) (leave to amend should be freely given "'except where prejudice to the opposing party would result'" (quoting United States v. Hougham, 364 U.S. 310, 316, 81 S. Ct. 13, 5 L. Ed. 2d 8 (1960))). The court may consider such factors as delay. Caruso, 100 Wn.2d at 349.

However, "[i]f a party moves to amend a pleading, a copy of the proposed amended pleading, denominated 'proposed' and unsigned, shall be attached to the motion." CR 15(a). The word "shall" is presumptively imperative and operates to create a duty. Crown Cascade, Inc. v. O'Neal, 100 Wn.2d 256, 261, 668 P.2d 585 (1983). "Both the opposing party and the court have a legitimate need to see the proposed amended pleading in order to address and assess relevant issues of prejudice and futility." Hook v. Lincoln County Noxious Weed Control Bd., 166 Wn. App. 145, 159, 269 P.3d 1056 (2012).

King neither filed a motion for leave to amend nor provided a proposed amended complaint as required by CR 15(a). Instead, he orally requested to amend his complaint at the hearing to dismiss his complaint.[3,4]

King's failure to provide the amended complaint required by CR 15(a) alone was a sufficient basis for denying the motion. The superior court did not abuse its discretion in denying the motion.

We affirm.

_Mann, J._

WE CONCUR:

_Feldman, J._                    _Díaz, J._

---

[3] King did not provide a verbatim report of this hearing for our review. The superior court's written order incorporated "reasons stated on the record."

[4] In King's response to the respondents' motion to dismiss, King stated, "[i]f necessary Plaintiff will Amend the Complaint to properly Summons the Secretary of State." While this may have notified Respondents that King might seek leave to amend the complaint, it was not a motion, nor did it provide the court and respondents an opportunity to "address and assess relevant issues of prejudice and futility." Hook, 166 Wn. App. at 159. Further, it is not the same argument that King asserts on appeal: that King should have been allowed to amend the complaint "to place him as [a Black Excellence in Cannabis] member plaintiff as opposed to a taxpayer Plaintiff."